IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WAYNE E. MITCHELL, | ) | |
| Plaintiff, | ) | Civil Action No. 7:12-cv-00004 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WESTERN VA REGIONAL JAIL, *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Plaintiff Wayne E. Mitchell, a Virginia inmate proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants, Western Virginia Regional Jail and the Virginia Department of Corrections, should pay his medical bills for medical care provided by doctors outside the jail. The court finds that Mitchell has failed to allege a constitutional claim and, therefore, dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Mitchell alleges that while an inmate at Western Virginia Regional Jail, he was sent to an outside private doctor for medical treatment. Mitchell does not allege that he was denied any necessary treatment. Mitchell argues that because he is "state property," the defendants should be required to pay his medical bills.

II.

An inmate has "no constitutional right to free medical care." Boblett v. Angelone, 942 F. Supp. 251, 254 (W.D. Va. 1996), aff'd, 121 F.3d 697 (4th Cir. 1997). The allocation of the cost of medical care is matter of state law. City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 245 (1983). Only when needed medical care is denied to an inmate are deliberate indifference

concerns under the Eighth Amendment implicated. Id. Accordingly, the court finds that Mitchell has not alleged a claim of constitutional magnitude.

### III.

For the reasons stated, the court dismisses Mitchell's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying Order to the parties.

**ENTER**: This 26th day of March, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE